UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE SARMIENTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 3:10-cv-1114 |
| vs. ) | |
| ) | Judge: Nixon/Knowles |
| ) | |
| DCI DONOR SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Order will apply in this case.

**A.    JURISDICTION**

The Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331, and jurisdiction of those claims is not disputed.

**B.    PARTIES' THEORIES, CLAIMS AND DEFENSES**

**1.    Plaintiff's Theories and Claims.**

Plaintiff was employed by Defendant as an hourly employee who was entitled to overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during each workweek, in accordance with Section 207 of the Fair Labor Standards Act ("FLSA"). Plaintiff held a position Defendant referred to as "executive assistant." Plaintiff's primary duty in this position was to perform secretarial and clerical duties such as typing, filing, reception, and scheduling. Plaintiff consistently worked overtime hours of more than 40 hours per workweek but was not paid overtime compensation for overtime hours worked as required by

Section 207 of the FLSA. Plaintiff was paid a salary and was not paid any additional compensation for working more than 40 hours during a particular week. Plaintiff is entitled to overtime back pay at a rate of one and one-half times her regular rate of pay for all overtime hours worked while she was employed by Defendant during the period from three years before this lawsuit was filed through the date of the termination of her employment with Defendant. Plaintiff is also entitled to an equal amount of liquidated damages pursuant to Section 216(b) of the FLSA. Plaintiff is also entitled to statutory attorney's fees and costs pursuant to Section 216(b) of the FLSA. Defendant's violations of the FLSA were willful, entitling Plaintiff to the benefit of a three-year statute of limitations.

2. **Defendant's Theories and Defenses.**

Defendant, DCI Donor Services, Inc., denies violating Plaintiff's rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Specifically, Defendant denies that Plaintiff was entitled to overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given workweek. Defendant asserts that Plaintiff was properly paid for all hours worked in a workweek by means of her salary and that she was properly classified as an exempt employee based on Defendant's good faith belief that Plaintiff fell under the FLSA's executive and/or administrative exemption(s) at all times during her employment with DCIDS.

Defendant asserts that any act or omission which might be found to have violated the FLSA was done in good faith and/or was based on reasonable grounds for believing that such act or omission was not a violation of the FLSA, so that no liquidated damages should be awarded. Defendant asserts that it took effective measures to prevent violations of the FLSA, and that Plaintiff and Defendant agreed that Plaintiff's salary would be compensation for all hours worked by Plaintiff in a workweek.

## C. ISSUES RESOLVED AND ISSUES STILL IN DISPUTE

It is undisputed that the Court has subject matter jurisdiction over Plaintiff's action. It is undisputed that for the purpose of determining whether Defendant was subject to the provisions of the FLSA, Defendant was an enterprise engaged in interstate commerce and had an annual gross volume of sales which exceeded $500,000.00 at all times material. It is undisputed that Defendant was a covered employer under the FLSA and Plaintiff was a covered employee under the FLSA, and was employed by Defendant within the three years preceding the filing of the lawsuit. It is undisputed that the minimum wage and overtime provisions of the FLSA set forth in Section 206 and 207, respectively, applied to Defendant. It is undisputed that Plaintiff did not receive any additional overtime compensation for working more than 40 hours in a workweek. All other allegations in the Complaint that are not admitted in Defendant's Answer are disputed by Defendant.

## D. THE NEED FOR COUNTERCLAIMS, CROSS-CLAIMS, DEADLINE FOR MOTIONS TO AMEND

The parties are presently unaware of any anticipated counterclaims or cross-claims. The deadline for filing motions to amend pleadings is June 3, 2011.

## E. EXPERT INFORMATION

Plaintiff shall disclose the expert information required by Fed. R. Civ. P. 26(a)(2) on or before April 27, 2011. Defendant shall disclose the expert information required by Fed. R. Civ. P. 26(a)(2) on or before, May 27, 2011.

## F. DISCOVERY DEADLINES

Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made by February 18, 2011. All discovery shall be completed by July 20, 2011. All discovery motions shall be filed by August 3, 2011.

G.  **DEADLINE FOR DISPOSITIVE MOTIONS**

Dispositive motions shall be filed on or before August 29, 2011.  Any response shall be filed within 30 days after the motion is filed. Any reply shall be filed within 14 days after the response is filed.

H.  **TRIAL**

This case is scheduled for trial on March 14, 2012, at 9:00 a.m.  The trial is expected to last one to two days.  The Pretrial Conference is set for February 3, 2012, at 10:00 a.m. before Judge Nixon.

It is so ORDERED.

This _____ day of January, 2011.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE


**APPROVED FOR ENTRY:**


s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #013839
Attorney at Law
4525 Harding Road, Suite 200
Nashville, TN  37205
(615) 313-8188
*Attorney for Plaintiff*



BASS, BERRY & SIMS PLC

By: s/ L. Lymari Cromwell
Robert W. Horton (BPR # 017417)
L. Lymari Cromwell (BPR # 027405)
150 Third Avenue, South – Suite 2800
Nashville, Tennessee 37201
Telephone: 615.742.6200
Facsimile: 615.742.2799
*Attorneys for Defendant*